## MOSELY *et al. vs.* JONES.

The proceedings against members of joint stock companies and corporations provided for in sections 3367 to 3375 are cumulative, not restrictive. Where suit was brought against certain persons for materials furnished, and a judgment prayed against them personally, and also a lien foreclosed against certain property which it was alleged they owned as a joint stock company, a judgment against them as individuals was not so illegal as to be set aside on motion, or to be resisted by affidavit of illegality.

Corporations. Joint stock companies. Judgments. Illegality. Before Judge ERWIN. Habersham Superior Court. October Term, 1880.

Reported in the decision.

ESTES & SON, for plaintiffs in error.

W. T. CRANE, for defendant.

SPEER, Justice.

H. W. Jones, as a man furnishing material in and about the erection of a building known as "Toccoa Institute,"

located on a lot in the city of Toccoa, brought his suit to the superior court of Habersham county, to the October term, 1875, against Mosely and others, by names set forth in said writ, alleging that they were indebted to him for materials furnished in the building of said institute, and of which it is alleged they were the owners, as a joint stock company. In his declaration, plaintiff sought not only to recover of defendants personally, but also sought to enforce his lien against the property, and which lien duly recorded was set forth in said writ.

The defendants were duly served with said writ, and having made no defense under oath, a judgment on said suit was rendered not only against the defendants for the amount of said claim with interest and costs, but a special judgment was rendered against the lot and premises on which said materials furnished were used. Under the special judgment, the lot was sold and proceeds were applied to the judgment, and when the balance was sought to be recovered by levy out of the defendants, affidavits of illegality were filed by them to the *fi. fa.*, and a motion to set aside said judgment likewise made. Both issues were agreed to be tried together, and, by agreement, were submitted to the presiding judge. He refused the motion to set aside the judgment, and dismissed the illegality, and to this judgment defendants below excepted and assign the same as error.

The grounds of illegality and motion to set aside are the same in terms, and to dispose of one will decide the other.

(1.) The first ground of illegality was, that there was no legal judgment rendered against defendants.

(2.) Judgment is against defendants as joint stock company, and not against them as individuals.

(3.) Because no part of the stock subscribed was alleged in the pleading to be unpaid, and there was no other allegation of any indebtedness upon which recovery could be had.

(4.) Neither judgment nor pleadings show or fix any

ratable *pro rata* due by each member on his separate liability.

(5.) There was no certificate of a president upon which to render such judgment.

(6.) The *fi. fa.* is against defendants as joint and several contractors, and not against each for his *pro rata* share or ratable part of his unpaid stock.

(7.) It was a void judgment because founded on a proceeding to foreclose a lien, and not a suit against a stock company.

In looking carefully into this record, we cannot agree with the counsel for the plaintiff in error that this is a suit brought by the plaintiff against these defendants as a "joint stock company," as provided for under the sections 3367 to 3375 of the Code, inclusive. For if it were true that it was a proceeding to recover under those sections of the Code, then the judgment rendered here would not be in accordance with those provisions, and might be fatally defective. In providing for a suit against "joint stock companies and corporations" in the sections above recited, the same is merely a cumulative remedy, and so declared in section 3376—which the creditor may adopt or not.

The plaintiff below in this case, on the other hand, brought his suit against these defendants under the forms of law, setting forth his cause of action fully, plainly and distinctly, and embracing therein, also, an application to foreclose his special lien against the property improved. To this suit the defendants filed no plea, and in accordance with the provisions of the constitution of 1868, under which this proceeding was had, "there being no defense filed under oath," the court rendered its judgment, and we see nothing irregular in its form, nor that it is not fully supported by the pleadings in the cause.

If these defendants had any good, legal defense to this suit, their duty was to present it when the cause was instituted, and they had their day. The time has passed when

parties can, from inattention or negligence, suffer a judgment to go against them on full notice of the suit, and then expect the courts to seek for technicalities to relieve them after a hearing has been had and judgment pronounced.

We see nothing in any of the grounds set forth in the illegality or the motion to set aside this judgment—when tested by the nature and character of this suit—that shows error in the judgment pronounced by the court below.

Let the judgment of the court below be affirmed.